LEMUEL CRABTREE vs. WILLIAM H. CLAPHAM.

Hancock. Decided January 2, 1878.

*Replevin.*

As a general rule, replevin does not lie by one partner against his copartner for partnership property.

Where the plaintiff in such action is defeated, a return of the property must be ordered, and the defendant is entitled to recover damages for the detention in proportion to the extent of his ownership in the property replevied.

ON REPORT.

REPLEVIN for a horse and pair of oxen valued by agreement of parties at $500. The writ was dated and served September 22, 1875.

PLEA: And the said defendant comes and defends, &c., when, &c., and says that he did not take the said goods in the declaration aforesaid, above mentioned, in manner and form as the plaintiff above against him hath declared, and of this he puts himself upon the country. [Plea joined.]

And for brief statement the said defendant says that, at the time of the taking of said horse and oxen by the plaintiff, the property of the horse and oxen was the partnership property of

the said plaintiff and defendant and owned by them as copartners; that at the time of the taking thereof the said horse and oxen were rightfully in the possession of the defendant; that at that time the said plaintiff and defendant were the owners as partners of another pair of oxen and horses of equal value, and that said last mentioned horse and oxen were at that time in possession of the plaintiff. Wherefore he prays judgment and a return of the said horse and oxen with damages for the detention of the same and for his costs.

The facts stated in the above pleas were admitted to be true, and a question arising whether the defendant would be entitled to damages, the case was reported to the law court, to decide what the judgment shall be, and to determine the amount of damages.

*E. Hale & L. A. Emery,* for the plaintiff.

*A. Wiswell & A. P. Wiswell,* for the defendant.

PETERS, J. As a general rule, replevin does not lie by one tenant in common against his co-tenant for the common property. *Witham* v. *Witham,* 57 Maine, 447. The same rule applies to copartners. *Hacker* v. *Johnson,* 66 Maine, 21. In *Witham* v. *Witham,* it was decided that, upon the defeat of the action between co-tenants, the defendant is entitled to a return of the property and damages for the taking and detention. In *Hacker* v. *Johnson,* it was virtually settled that the same consequences follow where the parties in an action of replevin are copartners. The plaintiff, then, must be nonsuit, with an order to return.

What shall the measure of damages be, to be recovered by the defendant? We think the doctrine inculcated in the above named cases and in cases therein referred to is, that, as between co-tenants, the damages should be in proportion to the extent of the defendant's ownership in the property replevied. We do not perceive why the same rule should not apply to this case. Certainly, the plaintiff cannot complain of it, who wrongfully assumes possession of property by an abuse of the forms of law. The presumption is, nothing appearing to the contrary, that the parties were equal owners in the property taken and equally entitled to its profit and possession. If there is occasion for it, either party can go

into equity and there have all partnership matters examined and settled.

The property as a whole is, by agreement, valued at five hundred dollars. Interest on one-half that sum would not be an adequate compensation for the detention of a half interest of the same. The cattle are more valuable for a present than a future use. The plaintiff, being a wrong doer, should not profit by the wrong. The entry to be: Plaintiff nonsuit; judgment for a return; damages for the defendant, for the detention of his interest in the property, to be reckoned from the day of the taking to the date of judgment at the rate of thirty-five dollars per year.

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.